IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CIVIL NO. 05-00725 JMS/LEK |
| | ) | |
| HAWAIIAN AIRLINES, INC., a Hawaii | ) | |
| corporation, | ) | |
| | ) | ORDER AFFIRMING THE |
| Debtor. | ) | BANKRUPTCY COURT'S ORDER |
| _____ | ) | APPROVING OBJECTION OF |
| | ) | CHAPTER 11 TRUSTEE TO |
| ROBERT C. KONOP, | ) | CLAIM NUMBER 72, 560, AND |
| | ) | 780 AND REVERSING AND |
| Appellant, | ) | REMANDING THE BANKRUPTCY |
| | ) | COURT'S ORDER SUSTAINING |
| vs. | ) | SUPPLEMENTAL OBJECTION OF |
| | ) | REORGANIZATION DEBTOR TO |
| HAWAIIAN AIRLINES, INC., | ) | CLAIM 72 |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER APPROVING
OBJECTION OF CHAPTER 11 TRUSTEE TO CLAIM NUMBER 72, 560, AND
780 AND VACATING AND REMANDING THE BANKRUPTCY COURT'S
ORDER SUSTAINING SUPPLEMENTAL OBJECTION OF
<u>REORGANIZATION DEBTOR TO CLAIM 72</u>

I. <u>INTRODUCTION</u>

Before the court is Robert Konop's appeal from the following three

orders issued by the Bankruptcy Court in the Hawaiian Airlines ("HAL")

Bankruptcy proceeding:  (1) Order Approving Objection of Chapter 11 Trustee to

Claim Numbers 72, 560, and 780, as that Order relates to Claim 72 ("Estimation

Order"); (2) Order Denying Konop's Ex Parte Motion to Continue Hearing or to Dismiss the Supplemental Objection of Reorganized Debtor to Claim 72 ("Denial Order"); and (3) Order Sustaining Supplemental Objection of Reorganization Debtor to Claim 72 ("Supplemental Objection Order").

Konop objects to the Estimation Order on the grounds that the Bankruptcy Court erred in estimating his claim rather than allowing it to be litigated.  Konop also contends that the Bankruptcy court should have held an adversary proceeding prior to entering the Estimation Order.  The court concludes that Konop's appeal of this issue is untimely.  The Estimation Order is therefore AFFIRMED.

Konop raises one substantive objection to the Supplemental Objection Order.  He contends that the Bankruptcy Court erred when it capped his claim at $1,000 for all alleged instances in which HAL unlawfully accessed his website rather than at $1,000 per alleged unlawful access.  The court concludes that the Bankruptcy Court erred as a matter of law in ruling that statutory damages should be capped at $1,000 for all accesses rather than at $1,000 for each alleged access.  The court therefore VACATES the Supplemental Objection Order and REMANDS to the Bankruptcy Court for further proceedings consistent with this order.

Konop also raises two procedural objections to the Bankruptcy Court's Denial Order and Supplemental Objection Order.  He argues that HAL did not serve his counsel with the Supplemental Objection and that he was entitled to an adversary proceeding on HAL's Supplemental Objection.  Because the court vacates the Bankruptcy Court's Supplemental Objection Order and remands the matter for further proceedings, the court need not address Konop's procedural objections to the Denial Order and the Supplemental Objection Order.  On remand, however, the Bankruptcy Court should consider whether any equitable claims remain pending in this case and whether any such claims entitle Konop to an adversary proceeding.

## II. BACKGROUND

This appeal concerns Konop's claims against HAL for its alleged unlawful access of a website he maintained while a pilot at HAL.  On July 12, 1996, Konop filed suit in the Central District of California alleging that HAL violated the Wiretap Act, the Stored Communication Act, the Railway Labor Act, and state tort law.   Konop alleged in his lawsuit that HAL Vice President James Davis accessed, without authorization, a password-protected website that Konop maintained to post bulletins critical of HAL and the pilots union.  Konop alleged that Davis accessed Konop's website by creating a password for two employees

who were authorized to access the site and logging in as those employees.  Konop

contends that Davis gained access to his website without authorization on thirty-

six separate occasions, over a period of approximately four months.

HAL entered into chapter 11 bankruptcy proceedings on March 21,

2003, and emerged from bankruptcy on June 2, 2005.  On June 2, 2003, Konop

filed a claim ("Konop Claim") in the HAL bankruptcy proceeding.  The Konop

Claim alleged many of the claims Konop had brought in his lawsuit against HAL

in the Central District of California.  The Konop Claim sought over $40 million in

damages based on alleged violations of the Railway Labor Act, the Wiretap Act,

and the Stored Communications Act.  The Konop claim also sought legal

expenses.  Though the Konop Claim discussed Konop's lawsuit pending in federal

district court, the Konop Claim made only passing reference to Konop's claims for

injunctive and declaratory relief alleged in the district court case.  The Konop

Claim does not include a separate claim for equitable relief, nor does it discuss in

any detail the equitable relief sought in the district court suit.  Konop also filed

two additional claims in the HAL bankruptcy case that are not the subject of this

appeal.

On August 13, 2004, HAL filed an Objection to the Konop Claim in

which it sought an order from the Bankruptcy Court estimating the Konop Claim

4

at zero, or, in the alternative, capping the Konop Claim at $5,376.81.[1]  The

Bankruptcy court held a hearing ("Estimation Hearing") on the Konop Claim

Objection and subsequently entered its Estimation Order on October 14, 2004.

The Estimation Order concluded that Konop's only viable claim against HAL was

based on the Stored Communications Act.  The Court held that Konop did not

prove actual damages as a result of the alleged violations of the Act, but that

Konop would be entitled to minimum statutory damages should he prevail on his

claim.  The Court thus estimated and capped the Konop claim at $36,000 ($1,000

in minimum statutory damages for each of the thirty-six alleged unlawful

intrusions into Konop's website).  The Bankruptcy court stated that it remained

open to argument from HAL that statutory damages under the Stored

Communications Act should be capped at $1,000 for *all* alleged intrusions rather

than $1,000 *per* intrusion.

On August 31, 2005, HAL filed a Supplemental Objection in which it

sought an order from the Bankruptcy Court disallowing the Konop Claim, or in the

alternative, limiting the Konop Claim to $1,000 rather than $36,000.  In its

---

[1]HAL requested that the Konop Claim be capped at $1,000 in statutory damages plus Konop's $4,376.81 in asserted litigation costs.  The Bankruptcy Court ultimately estimated Konop's litigation costs at zero because he failed to substantiate the expenses he incurred. Konop has not appealed this issue.

5

Supplemental Objection, HAL argued that the Konop Claim should be disallowed

entirely because of Konop's unclean hands.  It also argued that any amount

allocated to the Konop Claim should be offset against sanctions that HAL was

seeking against Konop.  HAL did not, however, present any substantive arguments

regarding its motion for sanctions in the Supplemental Objection.

On September 29, 2005, Konop filed an ex parte motion to continue

the hearing on the Supplemental Objection.  Konop argued that the hearing should

be continued until December 13, 2005, when a status conference was scheduled

for HAL's motion for sanctions.  Konop also claimed that his counsel, David

Gierlach, has not been served with the Supplemental Objection.  In response to

Konop's assertion that his counsel was not served with the Supplemental

Objection, HAL's attorneys contacted Gierlach to offer him additional time to

respond.  Gierlach informed HAL's counsel that he did not represent Konop with

respect to the Supplemental Objection.  On October 12, 2005, the Bankruptcy

Court issued its Denial Order in which it denied Konop's motion for a

continuance.

The Bankruptcy court treated HAL's Supplemental Objection as a

contested matter and held a hearing on the objection on October 17, 2005.  Konop

did not appear at the hearing, though the Bankruptcy Court did offer him the

6

option to appear telephonically.  At the conclusion of the hearing, the Bankruptcy Court allowed the Konop Claim, but capped it at $1,000.  It also ordered that any sanctions imposed on Konop should be offset against the $1,000 allowed on the Konop Claim.

This court heard arguments on Konop's appeal on May 8, 2006.  At the May 8 hearing, the court requested additional briefing from the parties in order to clarify the issues on appeal.  The court has considered the parties' arguments at the May 8 hearing as well as their initial and supplemental briefing in reaching its decision.

## III.  STANDARD OF REVIEW

In deciding an appeal from a bankruptcy court decision, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact.  *In re Lazar*, 83 F.3d 306, 309 (9th Cir. 1996).  The court reviews the bankruptcy court's conclusions of law de novo.  *Id.*

## IV.  ANALYSIS

**A.  The Estimation Order**

Konop's appeal of the Estimation Order is untimely.  The Estimation Order was entered on October 14, 2004.  Konop filed his notice of appeal on October 24, 2005, well beyond the ten-day appeal period allowed for appeals

under Rule 8002 of the Federal Rules of Bankruptcy Procedure.[2]  There is no

evidence that Konop sought additional time from the Bankruptcy Court in which

to appeal the Estimation Order.  "The untimely filing of a notice of appeal is

jurisdictional."  *In re Slimick*, 928 F.2d 304, 306 (9th Cir. 1990).

The court notes that, at the Estimation Hearing, the Bankruptcy Court

left open the issue of the amount of statutory damages to which Konop might be

entitled.  The Bankruptcy Court stated that the issue of statutory damages could be

raised again and HAL eventually did re-raise the matter in its Supplemental

Objection.  Konop filed a timely appeal of the Supplemental Objection Order on

the issue of statutory damages.

In all other respects, however, the Bankruptcy Court's Estimation

Order was final.  *See In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000).  Konop

objects to the Estimation Order on only two grounds.  He claims that the

Bankruptcy Court erred in its decision to estimate rather than liquidate the Konop

---

[2]Rule 8002 provides that "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  Thus, unlike in other proceedings, appeals may be taken from individual bankruptcy court orders prior to a final judgment in the case.  The doctrine of finality is more flexible in bankruptcy proceedings than in other contexts.  The Ninth Circuit has held that "[u]nder our pragmatic approach, a bankruptcy court order is considered to be final and thus appealable 'where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000) (quoting *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1043 (9th Cir. 1997).

8

Claim.  He also argues that HAL's objection to the Konop Claim should have

triggered an adversary proceeding.  These two issues were finally decided in the

Estimation Order.  If Konop objected to these final decisions, he should have

timely appealed.  Konop has offered no basis for this court to hear his untimely

appeal of the Estimation Order.  The Estimation Order is therefore affirmed.[3]

## B.  Statutory Damages Under the Stored Communications Act

In its Supplemental Objection Order, the Bankruptcy Court capped

the Konop Claim at $1,000, rather than $36,000 as it had in the Estimation Order.

The Supplemental Objection Order was prepared by counsel for HAL and contains

no discussion of the relevant statute.  The court concludes that, pursuant to the

Stored Communications Act, a party may obtain statutory damages on a per-

violation basis.  The Bankruptcy Court therefore erred in capping the Konop

Claim at $1,000 when Konop alleged thirty-six separate violations of the statute.

---

[3]In his Opening Brief in support of his appeal, Konop did not appear to object to the
Bankruptcy Court's decision that Konop was not entitled to actual damages on his Stored
Communications Act claim.  Nor did he object to the Bankruptcy Court's decision to limit the
claim to $36,000 in statutory damages.  The court requested clarification of Konop's position at
the May 8, 2006 hearing and Konop stated that $36,000 is a fair cap to his remaining claim for
damages against HAL.  In his supplemental briefing, however, Konop now asserts that he did
sustain actual damages in excess of $36,000 on his Stored Communications Act claim.  The court
does not address whether the Bankruptcy Court erred in disallowing actual damages because
Konop did not appropriately raise this issue in his appeal.

A party may obtain damages pursuant to the Stored Communications

Act as follows:

> The court may assess as damages in a civil action under
> this section the sum of the actual damages suffered by
> the plaintiff and any profits made by the violator as a
> result of the violation, but in no case shall a person
> entitled to recover receive less than the sum of $1,000.

18 U.S.C. § 2707(c).  This language is susceptible to differing interpretations on at

least two issues material to the instant dispute.  First, though HAL has not raised

this argument, one could read the Act's damages provisions to limit statutory

damages to parties who have suffered at least some actual damages or have proved

some profits gained by the alleged violator of the Act.  The court concludes that

Konop need not prove that he suffered actual damages or that HAL profited from

its violation in order to be eligible to receive statutory damages.  Second, the

$1,000 statutory damage figure seems to refer to each unauthorized intrusion in

violation of the Act.  *See Tomasello v. Rubin*, 167 F.3d 612, 618 (D.C. Cir. 1999)

(assuming that similar language in the Privacy Act contemplated awarding

minimum statutory damages for each act or omission in violation of the statute).

Nonetheless, the court recognizes that the statutory language is somewhat

ambiguous and the provision could be read to limit recovery of statutory damages

to $1,000 total, regardless of the number of violations.  There is no controlling

case law addressing this issue and the legislative history of the Act fails to shed any light on congressional intent as to whether the minimum statutory award should be multiplied by the number of violations.  For the reasons discussed below, the court concludes that statutory damages may be multiplied by the number of violations.

> 1.  <u>Konop does not need to prove actual damages or profits</u>

In *Doe v. Chao*, 540 U.S. 614 (2004), the Supreme Court addressed language found in the Privacy Act of 1974 that is nearly identical to the statutory damage language in the Stored Communications Act.  In *Chao*, the Supreme Court held that a plaintiff must prove actual damages in order to qualify for the minimum statutory award under the Privacy Act.  The Privacy Act provides for "actual damages sustained by the individual" and states that "in no case shall a person entitled to recovery receive less than . . . $1,000."  5 U.S.C. § 552a(g)(4).  The Court held that the Privacy Act's $1,000 minimum damage award was limited to "a person entitled to recovery" and that only those who sustained some actual damages were "entitled to recovery."  *Chao*, 540 U.S. at 615.  The Stored Communications Act similarly guarantees "actual damages" and then states that "a person entitled to recover" shall receive no less than $1,000.

Notwithstanding the similar language found in the two statutes, the overall structure of the Stored Communications Act and its legislative history differ from the Privacy Act such that the holding in *Chao* is not directly applicable to the Stored Communications Act.  In *Chao*, the Supreme Court concluded that the statutory language "person entitled to recovery" referred to the provision for actual damages found earlier in the same sentence.  Thus, a "person entitled to recovery" was a person who suffered some actual damages, no matter how little.  The Stored Communications Act, on the other hand, states that "any provider of electronic communication service, subscriber, or other person aggrieved by a violation of this chapter . . . may, in a civil action, recover from the person or entity . . . which engaged in that violation." See 18 U.S.C. § 2707(a).  Thus, unlike the Privacy Act, the Stored Communications Act explicitly states that a person aggrieved by a violation of the Act may recover and this recovery is not tied to actual damages or profits.  Given this different language, the construction of the Privacy Act in *Chao* does not assist in interpreting the statutory damage provision in the Stored Communications Act.

Moreover, the legislative history of the Stored Communications Act suggests that Congress assumed that a party aggrieved by a violation of the Act could obtain the minimum statutory award without proving actual damages.  *See*

S. Rep. 99-541, p. 43 (1986), U.S. Code Cong. & Admin, News 1986, pp. 3555, 3597 ("[D]amages under [§ 2707(c)] includ[e] the sum of actual damages suffered by the plaintiff and any profits made by the violator as the result of the violation ... with minimum statutory damages of $1,000[.]").  Thus, the court concludes that the Supreme Court's interpretation of the Privacy Act in *Doe v. Chao* does not apply to the similar statutory language found in the Stored Communications Act.

2. <u>The minimum statutory award may be multiplied by the number of violations</u>

In its supplemental briefing, HAL did discuss the issue of whether statutory damages can be multiplied by the number of violations of the Act.  HAL acknowledged the lack of controlling authority on the issue but argued that, if Congress intended the statutory award to be multiplied by the number of violations, it would have expressly provided for this result.  HAL cites 26 U.S.C. § 7431(c)(1)(A), which provides statutory damages for the unauthorized disclosure of a tax return, in support of its argument.  Section 7431(c)(1)(A) provides $1,000 in statutory damages "for each act of unauthorized inspection or disclosure of a return."  HAL contends that the Stored Communications Act would contain similar language if Congress intended the statute to provide a separate $1,000 damage award for each violation of the Act.  The court is not persuaded by

13

this argument.  Based on the language of the Stored Communications Act, it is at least as reasonable to infer that Congress intended to allow multiple damage awards as that it intended to cap statutory damages irrespective of the number of violations.   The court does not find that more precise language in an entirely different statute resolves this ambiguity one way or another.

HAL's main argument in it supplemental brief is that the court should look to cases interpreting the Wiretap Act for guidance in resolving the damages issue in the Stored Communications Act.  HAL principally relies on a Sixth Circuit case, *Dorris v. Absher*, 179 F.3d 420 (6th Cir. 1999), for the proposition that courts should not multiply a minimum statutory damage award by the number of violations when the statute is ambiguous as to whether to do so.  The court concludes, however, that the statutory damages provision under the Wiretap Act is sufficiently different from that found in the Stored Communications Act such that the case law construing the Wiretap Act is not helpful in interpreting the Stored Communications Act.

The Wiretap Act provides that a court may assess "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2).  The Sixth Circuit concluded that the $10,000 award could not be multiplied by the number of distinct violations of the statute.  *Dorris*, 179

14

F.3d at 428.  The court's holding, however, was "based on the language and structure of" the subsection addressing statutory damages.  *Id.*  As *Smoot v. United Transportation Union*, 246 F.3d 633 (6th Cir. 2001), noted, statutory damages are awarded under the Wiretap Act based on the number of *days* of violation, rather than the number of distinct *violations* that occur.  Thus, a plaintiff is entitled to $10,000 in liquidated damages unless the violations occurred for a period of more than 100 days.  It is not surprising, therefore, that courts do not multiply the minimum statutory award by the number of violations when statute itself provides an alternate method for increasing statutory damages based on repeated violations.

The Stored Communications Act, on the other hand, does not create a per-day rather than per-violation method of calculating damages; it simply states that a plaintiff is entitled to a minimum statutory damage award of $1,000.  As Konop points out in his supplemental briefing, if the court were to assume that the statutory damage award remains $1,000 regardless of the number of unauthorized intrusions, the statute would provide little deterrence against repeated intrusions into private communications once the first intrusion occurred.  The Wiretap Act, as interpreted by the cases discussed above, provides deterrence against repeated intrusion without multiplying the minimum damage award by the number of violations; statutory damages under the Wiretap Act exceed the $10,000 minimum

15

once a party engages in more than 100 days of violations.  Thus, due to the

difference in structure between Stored Communications and Wiretap Acts, it

makes perfect sense to multiply the minimum award in the Stored

Communications Act but not in the Wiretap Act.

   The Stored Communications Act also provides for criminal penalties,

and a criminal indictment under the Stored Communications Act could contain a

count for each separate unauthorized access of a stored communication.  The court

does not read the Act to provide that a party could face multiple criminal counts

for unlawful intrusions into stored communications while his or her civil liability

for the same conduct would be capped as though only one intrusion occurred.

   Thus, the court concludes that, based on the language of the Act and

the need for the damage provision to provide deterrence for would-be violators,

multiple violations of the Stored Communications Act may warrant multiplying

the $1,000 minimum statutory award.  The court is not holding that every technical

intrusion into a stored communication necessarily merits a separate damage award.

*See Tomasello,* 167 F.3d at 618 (holding that even though "the $1000 figure [in

the Privacy Act] seems to refer to each time the agency 'acted,'" it is proper to

aggregate "several more-or-less contemporaneous transmissions of the same

record into one 'act'").  For example, if HAL logged into Konop's website several

times in short succession, it might be appropriate to aggregate those intrusions if they functionally constituted a single visit to the website.  At the other end of the spectrum, violations that were significantly separated in time and that accessed different information would clearly constitute separate violations of the Act entitled to separate statutory damage awards.

Konop alleges that HAL's Vice President, Davis, gained access to Konop's website on thirty-six separate occasions over a period of approximately four months.  *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 873 (9th Cir. 2002). Though the court does not have a detailed record of the factual allegations forming Konop's Stored Communications Act claim, based on the record before the court, it is fair to assume that Konop periodically posted new content on his website as labor negotiations unfolded and that HAL repeatedly accessed the website in order to monitor Konop's updates on the dispute.   Given the facts alleged, the Bankruptcy Court erred in capping Konop's damages at $1,000.  Therefore, the court vacates the Bankruptcy Court's order on this point.

The court is not holding that Konop is entitled to $1,000 for each of the thirty-six alleged access.  Nor does the court purport in this Order to define precisely what constitutes a separate violation of the Stored Communications Act.

17

On remand, the Bankruptcy Court should determine how many of the alleged

intrusions merit a separate statutory damage award under the Act.

## C.  Procedural Objections to the Denial Order and Supplemental Objection Order

Because the court is reversing the Bankruptcy Court's decision to

limit the Konop Claim to $1,000, the court need not reach Konop's procedural

objections to the Denial Order and the Supplemental Objection Order.  In order to

provide some guidance to the Bankruptcy Court and the parties on remand,

however, the court will briefly address Konop's procedural objections.

First, Konop argues that he was denied due process because his

attorney, Gierlach, was not served with HAL's Supplemental Objection.  HAL

offered an affidavit from one of its lawyers indicating that HAL's attorneys spoke

with Gierlach and that Gierlach informed HAL that he did not represent Konop

with respect to the Supplemental Objection.  Konop apparently proceeded pro se

regarding the Supplemental Objection before the Bankruptcy Court, as he did on

appeal before this court.  Konop should understand that when he represents

himself, HAL is under no obligation to serve attorneys who may have previously

represented him or who represent him in other matters.

18

Konop also contends that he was entitled to an adversary proceeding on HAL's Supplemental Objection.  He argues that he was entitled to an adversary proceeding both because he sought injunctive relief in the Konop Claim and because HAL sought equitable relief in its Supplemental Objection.

Though Konop sought injunctive and declaratory relief in his lawsuit against HAL filed in the Central District of California, it is not clear that the Konop Claim requests any equitable relief.  Such relief is only mentioned once in Konop's Proof of Claim.  The only mention of equitable relief in the Proof of Claim reads:

> Under the provisions of established law and precedent, in addition to the declaratory and injunctive relief Konop sought, where Hawaiian wrongly benefitted financially as a result of the admitted misconduct of its officers, for the benefit of Smith Management, Airline Investment Partners, and John Adams, Hawaiian is liable for 'make whole' remedy which includes the return of the entire financial concessions package which Hawaiian wrongly gained as a direct and indirect result of the misconduct of its officers and as a result of Hawaiian's Unfair Labor Practices.

Ex. A to HAL's Supplemental Brief.  It is not at all clear from this statement whether Konop continued to seek injunctive or declaratory relief against HAL in the bankruptcy proceeding and, if he did, the substance of and basis for this relief.

19

HAL has not addresses this issue in any detail and does not seem to contest, for purposes of Konop's appeal, that the Konop Claim requested equitable relief.

HAL contends that, if Konop is seeking equitable relief based on HAL's alleged pre-petition conduct, Konop's request constitutes a "claim" pursuant to 11 U.S.C. § 101(5).  HAL argues that its objection to the Konop Claim converted the Konop Claim, including any request for equitable relief,  to a "contested matter" governed by Bankruptcy Rule 9014.  Thus, according to HAL, Konop was not entitled to an adversary proceeding by virtue of his equitable claims.  Under § 101(5), a "claim" includes a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."  The court cannot determine, based on the limited record, whether Konop properly sought equitable relief before the bankruptcy court, and, if he did, whether such claim for equitable relief constitutes a "claim" within the meaning of § 101(5).  On remand, the Bankruptcy Court should determine whether Konop has any claims for equitable relief pending against HAL as part of the Konop Claim, and, if he does, by what procedure his equitable claims should be resolved.

In addition to Konop's possible claim for equitable relief, HAL's Supplemental Objection requested that the Bankruptcy Court disallow the Konop Claim in its entirety because of Konop's unclean hands.  If this request in the Supplemental Objection constitutes a claim for equitable relief, the claim should have triggered an adversary proceeding.[4]  Rule 3007 of the Federal Rules of Bankruptcy Procedure states that "[i]f an objection to a claim is joined with a demand for relief if the kind specified in Rule 7001, it becomes an adversary proceeding."  One of the kinds of relief specified in Rule 7001 is "injunt[ive] or other equitable relief."  The Bankruptcy Court did not mention HAL's claim of unclean hands in its Supplemental Objection Order.  On remand, the Bankruptcy Court should consider whether HAL has any claims for equitable relief that are presently part of its Supplemental Objection such that the Konop Claim should convert to an adversary proceeding.

---

[4]HAL's Opening Brief did not address the effect of HAL's claim of unclean hands on the procedural framework applied to the Supplemental Objection.  Instead, HAL focused on its request in the Supplemental Objection that any award allowed on the Konop Claim be offset against any sanctions that might be imposed on Konop.  HAL correctly argued that its request for an offset did not go to the merits of the sanctions claim and therefore did not trigger an adversary proceeding.  At the May 8, 2006 hearing, the court asked counsel for HAL about the effect of HAL's unclean hands claim.  HAL's counsel did not dispute that the unclean hands claim was an equitable claim.  He responded, however, that the Bankruptcy Court's failure to hold an adversary proceeding on the Supplemental Objection was, at most, harmless error.  The court requested further briefing from the parties on this issue.  In its Supplemental Brief, HAL again failed to address the effect of its claim of unclean hands claim and instead focused entirely on the request for an offset against future sanctions.

V.  <u>CONCLUSION</u>

For the reasons discussed herein, the Estimation Order is AFFIRMED and the Supplemental Objection Order is VACATED and REMANDED to the Bankruptcy Court for further proceedings consistent with this Order.  As this Order disposes of all outstanding matters in this appeal, the clerk of the court is instructed close the case file and send a copy of this Order to the Bankruptcy Court.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 3, 2006.

J. Michael Seabright
United States District Judge

*In re: Hawaiian Airlines, Inc.*, Civ. No. 05-00725 JMS/LEK, Order Affirming the Bankruptcy Court's Order Approving Objection of Chapter 11 Trustee to Claim Numbers 72, 560, and 780 and Vacating and Remanding the Bankruptcy Court's Order Sustaining Supplemental Objection of Reorganization Debtor to Claim 72