IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ROBERT C. KONOP, | ) | CIVIL NO. 05-00725 JMS-LEK |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN AIRLINES, INC., | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON APPELLEE'S OBJECTIONS
TO PLAINTIFF'S BILL OF COSTS FILED AUGUST 25, 2006**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Appellee Hawaiian Airlines, Inc.'s ("Appellee") Opposition to Appellant's Bill of Costs ("Objections"), filed August 25, 2006.  Appellant Robert C. Konop ("Appellant") filed his Bill of Costs on August 22, 2006.  In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.  After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Appellee's Objections should be GRANTED.

**BACKGROUND**

Appellee initiated Chapter 11 bankruptcy proceedings on March 21, 2003.  On June 2, 2003, Appellant filed a claim in the proceedings.  See In re Hawaiian Airlines, Inc., 355 B.R. 225,

227 (D. Hawai`i 2006). Appellant's central claim arose from, *inter alia*, Appellee's alleged unfair labor practices, violations of the Stored Communications Act, and illegal wiretapping. Appellant sought over $40 million in damages, as well as legal expenses. Appellant's alleged damages were based on Appellee's unauthorized access of Appellant's password protected website, which criticized Appellee's labor practices. See id.

On October 14, 2004, the bankruptcy court entered an order finding that only Appellant's Stored Communications Act claim was viable ("Estimation Order"). Appellee allegedly violated the Stored Communications Act during each of its thirty-six unauthorized visits to Appellant's website over a four-month period. The Estimation Order limited Appellant's Stored Communications Act damages to the minimum statutory amount of $1,000 per violation. See id.

On August 31, 2005, Appellee filed a Supplemental Objection, asking the bankruptcy court to disallow Appellant's claim based on unclean hands or, in the alternative, to reduce Appellant's Stored Communications Act damages from $1,000 per violation to a total of $1,000. See id. at 228. In an order sustaining the Supplemental Objection ("Supplemental Objection Order"), the bankruptcy court capped Plaintiff's Stored Communications Act damages at a total of $1,000. See id.

Appellant appealed the bankruptcy court's decision. On

2

August 3, 2006, the district court concluded that: 1) Appellant's appeal of the Estimation Order was untimely; and 2) the bankruptcy court erred when it capped Plaintiff's Stored Communications Act damages at $1,000.[1]  See id. at 226.  The district court vacated the Supplemental Objection Order and remanded the case to the bankruptcy court to determine how many of the alleged violations of the Stored Communications Act warrant an award of statutory damages.  See id. at 226-27, 232-33.  The district court also ordered the bankruptcy court to determine whether Appellant or Appellee have any claims for equitable relief against each other.  See id. at 227.

On August 22, 2006, Appellant filed his Bill of Costs, seeking taxation of the following costs related to the appeal:

| | |
|---|---|
| Fees of the Clerk | $  255.00 |
| Fees and disbursements for printing | $  161.01 |
| Total | $  416.01 |

[Bill of Costs at 1.]

Appellee filed its Objections on August 25, 2006.  First, Appellee claims that Appellant did not satisfy the meet-and-confer requirement of Local Rule 54.2(c).  Second, Appellee claims that, according to Local Rule 54.2(a), a request for costs is only appropriate when judgment is entered in favor of the

---

[1] Appellant also raised two procedural objections to the Supplemental Objection Order.  Insofar as the district court vacated that order and remanded the case for further proceedings, the district court declined to address Appellant's procedural objections.  See Hawaiian Airlines, 355 B.R. at 226-27.

prevailing party.  Appellee argues that Appellant is not the prevailing party because the district court's judgment, which affirmed the Estimation Order and vacated the Supplemental Objection Order, ultimately left only $36,000 of Appellant's claimed damages of $40 million in dispute.  Finally, Appellee argues that costs are premature at this point because the judgment is not final due to the outstanding issues on remand.

In response to Appellee's meet-and-confer objection, Appellant filed a Supplemental Declaration of Appellant Robert Konop ("Appellant's Supplemental Declaration") on August 29, 2006.  Appellant's Supplemental Declaration discussed Appellant's attempt to meet and confer with Appellee regarding the Bill of Costs pursuant to Local Rule 54.2(c).  Appellant submitted a letter that he sent to Appellee regarding a possible meeting to discuss the Bill of Costs.  [Exh. A to Appellant's Supp. Decl. at 2.]  Appellant, however, stated that he did not believe that the parties would be able to meet, nor could they resolve the dispute.

## DISCUSSION

### I.   Federal Rule of Bankruptcy Procedure 8014 Applies.

Appellee and Appellant incorrectly framed their arguments pursuant to Local Rule 54.2 and Federal Rule of Civil Procedure 54.  The applicable rule for obtaining taxation of costs on an appeal from a bankruptcy court to a district court is

Federal Bankruptcy Rule of Procedure 8014.  Rule 8014 states, in relevant part:

> Except as otherwise provided by law, agreed to by the parties, or ordered by the district court or the bankruptcy appellate panel, costs shall be taxed against the losing party on an appeal.  If a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by this court.

Fed. R. Bankr. P. 8014.  This Court will therefore review Appellant's Bill of Costs and Appellee's Objections in accordance with Rule 8014.

## II. **The Meet-and-Confer Requirement Does Not Apply.**

Appellee objects to the Bill of Costs on the ground that Appellant failed to comply with the meet-and-confer requirement for a bill of costs under Local Rule 54.2(c).  Rule 8014, however, does not have a meet-and-confer requirement and this district has not adopted a local rule governing requests for Rule 8014 costs.  Even assuming, *arguendo*, that the meet-and-confer requirement applied, Appellant's Supplemental Declaration provides sufficient evidence that he made a good faith effort to arrange a conference with Appellee and that a meeting would have been futile.  [Appellant's Supp. Decl. at 2.]  The Court therefore DENIES Appellee's objection on this ground.

## III. **A Final Decision on Remand is Not Required.**

The district court remanded this case to the bankruptcy court to determine how many of Appellee's alleged violations of

the Stored Communications Act warrant a damages award and whether either party has any pending equitable claims.  Appellee argues that awarding costs at this time is premature because of the outstanding issues on remand.  Appellee's argument is misplaced.

While the issues on remand may mean that the district court's decision is not final for purposes of appellate jurisdiction, see In re Saxman, 325 F.3d 1168, 1171-72 (9th Cir. 2003), the fact that there will not be a "final decision" until resolution of the factual issues on remand does not bar an award of costs in a bankruptcy appeal.  See, e.g., In re Ambassador Hotel, 61 B.R. 792, 801 (N.D. Tex. 1986) (awarding costs to the appellant under Rule 8014, even though the district court remanded the case to the bankruptcy court for further proceedings).  In the present case, the district court has rendered a judgment on the appeal and it may tax costs under Rule 8014, if appropriate.  The Court therefore DENIES Appellee's objection on this ground.

**IV.  Costs are Discretionary When There is a Mixed Judgment.**

Appellee argues that Appellant is not entitled to costs because Appellant is not the prevailing party.  Unlike Local Rule 54.2(a) and Federal Rule of Civil Procedure 54(d)(1), Federal Rule of Bankruptcy Procedure 8014 does not refer to the taxation of costs in favor of the prevailing party.  Compare Local Rule LR54.2(a), and Fed. R. Civ. P. 54(d)(1), with Fed. R. Bankr. P.

8014. Rule 8014 states that, as a general rule, costs "shall be taxed against the losing party on an appeal." Thus, Appellee's argument is essentially that the district court should not tax cost against it because it was not the losing party.

In the present case, there is no clear losing party because the district court's judgment affirmed the bankruptcy court's judgment in part and vacated it in part. Rule 8014 provides that, "[i]f a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by this court." Fed. R. Bankr. P. 8014. The rule therefore gives the district court discretion to determine whether the taxation of costs is appropriate when it renders a mixed judgment on a bankruptcy appeal. Under the circumstances of this case, where the district court ruled in Appellee's favor in affirming the Estimation Order but ruled in Appellant's favor in vacating and remanding the Supplemental Objection Order, this Court finds that costs should not be taxed against Appellee. The Court therefore GRANTS Appellee's objection on this ground.

## **CONCLUSION**

On the basis of the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Appellee's Opposition to Appellant's Bill of Costs, filed August 25, 2006, be GRANTED, and that Appellant's Bill of Costs, filed August 22, 2006, be DENIED.

7

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, March 27, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ROBERT C. KONOP V. HAWAIIAN AIRLINES, INC.; CIVIL NO. 05-00725 JMS-LEK; REPORT OF SPECIAL MASTER ON APPELLEE'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS FILED AUGUST 25, 2006**